

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-400-CR

ZACHARY DANIEL HARRIS                 APPELLANT
A/K/A ZACHARY HARRIS

V.

THE STATE OF TEXAS                           STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

A jury convicted Appellant Zachary Daniel Harris a/k/a Zachary Harris of possession with intent to deliver four grams or more but less than two-hundred grams of a controlled substance, and the trial court sentenced him to thirty-five years' confinement. In four points, Harris argues that the trial court erred by

----

[1] *See* Tex. R. App. P. 47.4.

denying his motion to suppress evidence, that the evidence is legally and factually insufficient to support his conviction, and that the trial court abused its discretion by admitting certain evidence. We will affirm.

## II. BACKGROUND

On May 5, 2006, pursuant to an arrest warrant, officers with the Grand Prairie Police Department arrested Harris in the parking lot of a convenience store when he exited a white Chevrolet Malibu that he had been driving.[2] Officers searched the vehicle and recovered a loaded shotgun with a pistol grip lying on the back seat in a black bag, two boxes of clear plastic bags on the floorboard behind the driver's seat, two cell phones from the front of the vehicle, and a small canvas-type bag in the center console containing a pocket digital scale with white residue on it and a plastic bag containing 70.93 grams of an off-white, rock-like substance subsequently tested and determined to be cocaine. Harris had $960 in his right front pants pocket.

Harris entered a plea of not guilty to the charged offense of possession with intent to deliver a controlled substance of four grams or more but less than two-hundred grams and a plea of not true to the deadly weapon finding notice.

_____

[2] The warrant states that the Affiant "ha[s] good reason and do believe that on/about 5/2/06 one Harris, Zachary Daniel did then and there in the City of Grand Prairie, Dallas County, Texas commit the offense of Capital Murder 19.03 C/F."

2

The trial court denied Harris's motion to suppress the evidence seized from the vehicle, and it found true beyond a reasonable doubt the State's deadly weapon notice. This appeal followed Harris's trial and conviction.

### III. MOTION TO SUPPRESS—OMITTED FACT

In his fourth point, Harris argues that the trial court erred by denying his motion to suppress the evidence seized from the vehicle because the arrest warrant was defective due to the omission of relevant and material facts that were withheld from the supporting affidavit but known to the affiant when the warrant was sought. Harris specifically complains about the affiant's admitted omission from the affidavit of the fact that Emerald Lyle—a witness to the murder for which authorities sought to arrest Harris—did not identify Harris in a photographic spread that she viewed prior to the magistrate's issuance of the arrest warrant and prior to Harris's arrest on May 5, 2006. Harris contends that "[h]ad the magistrate known this information, this affirmative fact exculpating [Harris] would have vitiated probable cause and resulted in the denial of the arrest warrant."

#### A.    Standard of Review

Generally, the appropriate standard for reviewing a trial court's ruling on a motion to suppress is a bifurcated standard of review, giving almost total deference to the trial court's determination of historical facts and reviewing de

3

novo the court's application of the law. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When reviewing a magistrate's decision to issue a warrant, however, we apply a highly deferential standard in keeping with the constitutional preference for a warrant. *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007); *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004). Under this standard, we uphold the probable cause determination "so long as the magistrate had a 'substantial basis for . . . conclud[ing]'" that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 236, 103 S. Ct. 2317, 2331 (1983) (quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S. Ct. 725, 736 (1960), *overruled on other grounds by U.S. v. Salvucci*, 448 U.S. 83, 100 S. Ct. 2547 (1980)); *see Swearingen*, 143 S.W.3d at 810.

An arrest warrant must provide the magistrate with sufficient information to support an independent judgment that probable cause exists for the warrant. *Jones v. State*, 568 S.W.2d 847, 854 (Tex. Crim. App.), *cert. denied*, 439 U.S. 959 (1978). Whether the facts mentioned in the affidavit are adequate to establish probable cause depends on the totality of the circumstances. *Ramos v. State*, 934 S.W.2d 358, 362–63 (Tex. Crim. App. 1996). A reviewing court should not invalidate a warrant by interpreting the affidavit or complaint in a

4

hypertechnical manner. *See Gates*, 462 U.S. at 236, 103 S. Ct. at 2331; *Rodriguez*, 232 S.W.3d at 59. Rather, when a court reviews an issuing magistrate's determination, the court should interpret the affidavit or complaint in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences. *See Rodriguez*, 232 S.W.3d at 61; *Davis v. State*, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006). The duty of a reviewing court is thus simply to determine whether, considering the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed to support the issuance of the warrant when viewing the affidavit. *Gates*, 462 U.S. at 238, 103 S. Ct. at 2332.

**B.    Supplemented Affidavit Sufficient to Show Probable Cause**

The United States Supreme Court has held that an affirmative misrepresentation of a material fact that establishes probable cause, made knowingly or recklessly in a probable cause affidavit, will render a search warrant invalid under the Fourth Amendment. *See Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S. Ct. 2674, 2676 (1978). Although the court of criminal appeals has yet to state clearly that *Franks* should apply to omissions as well, the Fifth Circuit, this court, and other courts of appeals have applied the same analysis to omissions of material facts. *See United States v. Martin*, 615 F.2d 318, 328 (5th Cir. 1980); *McKissick v. State*, 209 S.W.3d 205,

5

211–14 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *Darby v. State*, 145 S.W.3d 714, 722 (Tex. App.—Fort Worth 2004, pet. ref'd); *see also Ward v. State*, No. AP-74695, 2007 WL 1492080, at *3–4 (Tex. Crim. App. May 23, 2007). We therefore analyze the complained of omission regarding Lyle's failure to identify Harris in a photographic spread under *Franks*. *See Martin*, 615 F.2d at 328; *McKissick*, 209 S.W.3d at 211–14; *Darby*, 145 S.W.3d at 722; *Volk v. State*, Nos. 01-07-00265-CR, 01-07-00266-CR, 01-07-00326-CR, 2008 WL 2854166, at *4–5 (Tex. App.—Houston [1st Dist.] July 24, 2008, no pet.) (mem. op.) (applying *Franks* to argument that material, exculpatory omissions in affidavit supporting search warrant invalidated warrant). Accordingly, if a defendant establishes by a preponderance of the evidence that omissions of fact were made in a probable cause affidavit and that such omissions were made intentionally or with reckless disregard for the truth, the warrant will be held invalid if the inclusion of the omitted facts would vitiate probable cause. *Martin*, 615 F.2d at 328.

Here, Detective Joseph Wood of the Grand Prairie Police Department is the affidavit's affiant. According to the affidavit, Lyle awoke in her living room to discover Megal Brown standing in between Christopher Jackson (also known as "Chris" or "Lil Chris") and "a black male that she recognized . . . had been at her apartment before." Lyle heard Brown call out her name, she heard a

gunshot, and she observed Brown fall to the floor. The two men ran out of the apartment.

Lyle did not know the name of the "black male," but she identified Jackson and told Detective Wood that Jackson's phone number was listed in Brown's cell phone. Investigators located a phone number on the cell phone under the name "Lil Chris," called the number, and spoke to Jackson, who said his last name was Jackson, provided his date of birth, and agreed to talk to investigators. Investigators obtained a photograph of Jackson and showed it to Lyle. Lyle confirmed that Jackson was the person in the photograph.

Investigators arrested Jackson, and Jackson "waived his rights and admitted to being in the apartment buying weed from [Brown]." According to Jackson, he had completed his drug transaction and was about to leave when Harris arrived at the apartment. Jackson knew Harris by name. Jackson observed Harris and Brown "tussle[] around the kitchen/dining area of the apartment," and he heard a gunshot as he was leaving to get away from the fight.

In light of this information contained within the four corners of the affidavit, we hold that, considering the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed to support the issuance of the warrant for Harris's arrest even when the

7

affidavit is supplemented with the omitted information. *See Gates*, 462 U.S. at 238, 103 S. Ct. at 2332; *Martin*, 615 F.2d at 328; *McKissick*, 209 S.W.3d at 211–14; *Darby*, 145 S.W.3d at 722. Thus, the inclusion in the affidavit of the fact that Lyle failed to positively identify Harris in a photographic spread would not have vitiated probable cause and consequently rendered invalid the arrest warrant. Accordingly, the trial court did not err by denying Harris's motion to suppress evidence. We overrule Harris's fourth point.

## IV. EVIDENTIARY SUFFICIENCY

In his first and second points, Harris challenges the legal and factual sufficiency of the evidence to show that he possessed the controlled substance for which he was prosecuted.

### A. Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.

*Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust. *Watson*, 204 S.W.3d at 414–15, 417; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict. *Watson*, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court "harbor a subjective level of reasonable doubt to overturn [the] conviction." *Id*. We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury's resolution of a conflict in the evidence. *Id*. We may not simply substitute our judgment for the factfinder's. *Johnson*, 23 S.W.3d at 12; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Unless the record clearly reveals that a different result

9

is appropriate, we must defer to the jury's determination of the weight to be given contradictory testimonial evidence because resolution of the conflict "often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered." *Johnson*, 23 S.W.3d at 8. Thus, we must give due deference to the factfinder's determinations, "particularly those determinations concerning the weight and credibility of the evidence." *Id*. at 9. An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

## B. Sufficient Evidence of Possession

A person commits an offense if the person knowingly possesses with intent to deliver a controlled substance in the amount of four grams or more but less than 200 grams. Tex. Health & Safety Code Ann. § 481.112(a), (d) (Vernon 2003). To prove possession of a controlled substance, the State had to prove that Harris (1) exercised actual care, custody, control, or management over the contraband and (2) that he knew the matter possessed was contraband. *See id*. § 481.002(38), 481.112(a); *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). Regardless of whether the evidence is direct or circumstantial, it must establish that the defendant's connection with the

drug was more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Beall v. State*, 237 S.W.3d 841, 850 (Tex. App.—Fort Worth 2007, no pet.). This is the so-called "affirmative links" rule, which protects the innocent bystander from conviction merely because of his fortuitous proximity to someone else's drugs. *Evans*, 202 S.W.3d at 161–62. While mere presence at the location where drugs are found is insufficient by itself to establish actual care, custody, or control of the drugs, presence or proximity, when combined with other evidence, either direct or circumstantial (e.g. "links"), may well be sufficient to establish that element beyond a reasonable doubt. *Id*. at 162.

No formula of facts exists to dictate a finding of links sufficient to support an inference of knowing possession. *See Taylor v. State*, 106 S.W.3d 827, 830 (Tex. App.—Dallas 2003, no pet.); *Ramos v. State*, Nos. 02-07-00118-CR, 02-07-00119-CR, 2008 WL 623777, at *4 (Tex. App.—Fort Worth Mar. 6, 2008, pet. ref'd) (mem. op.). It is the logical force of the evidence, and not the number of links, that supports a factfinder's verdict. *Evans*, 202 S.W.3d at 166. Possible links include but are not limited to the following: (1) whether the defendant was present when the drugs were found; (2) whether the drugs were in plain view; (3) the defendant's proximity to and the accessibility of the drugs; (4) whether the defendant was under the influence of drugs when arrested; (5)

11

whether the defendant possessed other contraband or drugs when arrested; (6) whether the defendant made any incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of drugs; (10) whether other contraband or other drug paraphernalia was present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Id*. at 162 n.12; *Beall*, 237 S.W.3d at 850.

In this case, on May 5, 2006, officers arrested Harris immediately after he exited the white Chevrolet Malibu with license plate number 853 CDR that he had been driving and that he had parked at a convenience store. An officer with the Arlington Police Department testified that he spoke to Harris on December 5, 2005, and that Harris was driving a white Chevrolet Malibu with license plate number 853 CDR at the time. Officers searched the vehicle and recovered a loaded shotgun with a pistol grip lying on the back seat in a black bag, two boxes of clear plastic bags on the floorboard behind the driver's seat, two cell phones from the front of the vehicle, and a small canvas-type bag in the center console containing a pocket digital scale with white residue on it and

12

a plastic bag containing 70.93 grams of cocaine. A search of Harris's person revealed that Harris had $960 in his right front pants pocket. The vehicle was not registered to Harris.

A detective with the Grand Prairie Police Department testified that it is common for individuals involved in narcotics dealing to use sandwich bags to package narcotics, to use pocket scales, to have shotguns, to have multiple cell phones, to drive vehicles that aren't registered to them, and to carry large amounts of cash.

Harris contends that the evidence is insufficient to show that he possessed the cocaine because he was not the registered owner or insurer of the vehicle; no drugs or paraphernalia were found on his person; no fingerprints were obtained tying him to the drugs, the shotgun, the cell phones, or the scales; no information was obtained from the two cell phones concerning who they belonged to; and he made no efforts to elude detection, nor did he make any furtive movements or attempt to flee. Notwithstanding this evidence, the State established multiple, logically forceful links—including that Harris was driving the vehicle in which the drugs were found, that Harris was in close proximity to and could easily access the drugs, that other items associated with narcotics dealing were present in the vehicle, and that Harris had a large amount of cash on his person—demonstrating Harris's possession of the

13

cocaine. *See Evans*, 202 S.W.3d at 162 n.12. Harris's analysis ignores much relevant evidence and does not appropriately implement the applicable standards of review.

Viewing the evidence in a favorable or neutral light, the evidence is legally and factually sufficient to link Harris to the cocaine recovered from the vehicle that he was driving. Consequently, the evidence is legally and factually sufficient to show that Harris possessed the cocaine. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Watson*, 204 S.W.3d at 414–15, 417. We overrule Harris's first and second points.

## V. EVIDENCE OF SHOTGUN

In his third point, Harris argues that the trial court abused its discretion by admitting in evidence the shotgun found on the back seat of the vehicle that he was driving just before his arrest. Harris preserved for appellate review his rules of evidence 401, 403, and 404(b) objections to the admission of the shotgun.

### A. Standard of Review

We will not disturb a trial court's evidentiary ruling absent an abuse of discretion. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). As long as the trial court's ruling is within the zone of reasonable disagreement and is correct under any theory of law, it must be upheld. *Id*.

14

**B.    Rule 401**

"All relevant evidence is admissible . . . .  Evidence which is not relevant is inadmissible."  Tex. R. Evid. 402.  Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Tex. R. Evid. 401.

As examined above, the State had the burden of proving that Harris possessed narcotics as part of its prosecution of him for the offense of possession with intent to deliver a controlled substance of four grams or more but less than two-hundred grams.  *See* Tex. Health & Safety Code Ann. § 481.112(a)(d).  A detective with the Grand Prairie Police Department testified that it is common for individuals involved in narcotics dealing to have shotguns or other firearms.  The shotgun located on the back seat of the vehicle that Harris was driving immediately before his arrest thus had the tendency to make more probable Harris's knowing possession of the cocaine.  Accordingly, we hold that the trial court did not abuse its discretion by admitting the shotgun in evidence over Harris's rule 401 objection.  *See* Tex. R. Evid. 401.

**C.    Rule 403**

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

15

issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. Tex. R. Evid. 403. Once appellant makes a rule 403 objection, the trial court must weigh the probativeness of the evidence to determine if it is substantially outweighed by its potential for unfair prejudice. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). A rule 403 balancing test includes the following factors: (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 & n.8 (Tex. Crim. App. 2006).

The rules of evidence favor the admission of relevant evidence and carry a presumption that relevant evidence is more probative than prejudicial. *Jones v. State*, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 832 (1997). When determining whether evidence is admissible under rule 403, we do not consider just whether the evidence is more prejudicial than probative,

16

we consider whether the probative value is substantially outweighed by the danger of unfair prejudice. *Garcia v. State*, 201 S.W.3d 695, 704 (Tex. Crim. App. 2006), *cert. denied*, 127 S. Ct. 1289 (2007).

As Harris argued in the point above, the vehicle that he was driving was not registered to him, no drugs or paraphernalia were found on his person, no fingerprints were obtained tying him to the drugs, the shotgun, the cell phones, or the scales, and no information was obtained from the two cell phones concerning who they belonged to. The probative value of the shotgun was thus considerable and significantly necessary to the State's case because it is a link tending to show that Harris knowingly possessed the cocaine. Weighing the probative value of the evidence of the shotgun with the other rule 403 factors, the trial court could have reasonably concluded that the shotgun did not have a tendency to suggest decision on an improper basis, to confuse or distract the jury, or to be given undue weight by the jury. Consequently, the trial court could have reasonably concluded that the probative value of the evidence of the shotgun was not substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403. We hold that the trial court did not abuse its discretion by admitting the shotgun in evidence over Harris's rule 403 objection.

17

**D. Rule 404(b)**

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. Tex. R. Evid. 404(b); *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (op. on reh'g). This rule reflects the well-established principle that a defendant should not be tried for some collateral crime or for being a criminal generally. *Soffar v. State*, 742 S.W.2d 371, 377 (Tex. Crim. App. 1987). Evidence of prior criminal conduct may, however, be admissible if it is logically relevant to prove some other fact, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Tex. R. Evid. 404(b); *Johnston v. State*, 145 S.W.3d 215, 219 (Tex. Crim. App. 2004). For extraneous offense evidence to be admissible under rule 404(b), the evidence must be relevant to a fact of consequence in the case apart from its tendency to prove conduct in conformity with character. *Johnston*, 145 S.W.3d at 220.

Here, the evidence of the shotgun was relevant to prove Harris's knowledge that he possessed narcotics. Harris's knowledge that he possessed narcotics is a fact of consequence of the case apart from its tendency to prove conduct in conformity with his character. *See id.*; *see also* Tex. R. Evid. 404(b). Accordingly, we hold that the trial court did not abuse its discretion by

admitting the evidence of the shotgun over Harris's rule 404(b) objection.  We overrule Harris's third point.

## VI.  CONCLUSION

Having overruled Harris's four points, we affirm the trial court's judgment.

PER CURIAM

PANEL: HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 4, 2008